1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    GAGIK KARAPETYAN,

11              Petitioner,                No. CIV S-07-2261 FCD DAD P

12        vs.

13    BEN CURRY,

14              Respondent.               <u>ORDER</u>

15    _____/

16              Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

17    habeas corpus pursuant to 28 U.S.C. § 2254, together with a motion for a stay and abeyance.  On

18    November 2, 2007, this court ordered respondent to file an opposition or statement of non-

19    opposition to petitioner's motion.  On November 30, 2007, respondent filed a statement of non-

20    opposition.[1]

21              The U.S. Supreme Court has affirmed the district court's discretion to stay a

22    federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court

23    where there is good cause for the petitioner's failure to exhaust all claims in state court before

24    filing a federal habeas petition.  See <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005); <u>Anthony v.</u>

25  _____

26        [1] Respondent's counsel appears to have inadvertently styled the statement of non-opposition
      "Motion to Dismiss Pursuant to 28 U.S.C. Section 2244(D)(1)."

1

1  Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted

2  federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court

3  (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998).  This discretion to issue a stay extends to mixed

4  petitions.  Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district

5  court has discretion to stay a mixed petition to allow a petitioner time to return to state court to

6  present unexhausted claims.").  The Court cautioned, however, that "stay and abeyance should be

7  available only in limited circumstances," and "district courts should place reasonable time limits

8  on a petitioner's trip to state court and back."  Id. at 277-78.  The Court noted that district courts

9  should not grant a stay if the petitioner has engaged in abusive litigation tactics or intentional

10  delay or if the unexhausted claims are plainly meritless.  Id. at 278.

11         In the present case, petitioner argues that he has good cause for failing to exhaust

12  his claims and that his claims are potentially meritorious.  (Pet'r's Mot. for Stay & Abey. at 2.)

13  Petitioner contends that he speaks little English and cannot read or write it at all.  (Id. at 3.)

14  Upon learning that his family was not able to find him attorney they could afford, petitioner

15  requested that they return of all of his legal documents, totaling 3200 pages.  (Id.)  Petitioner

16  alleges that the legal documents were delivered to prison authorities around April 24, 2007, but

17  prison authorities never delivered them to him.  (Id.)  Petitioner then sought the assistance of a

18  friend who was able to help him with his state habeas petitions.  (Id.)  Upon reviewing the briefs

19  and after speaking with other inmates, petitioner learned that only one of his claims was

20  definitely exhausted.  (Id.)  Accordingly, petitioner proceeded to file a petition in the California

21  Supreme Court.  (Id.)  Petitioner realized, however, that his federal petition was due by January

22  9, 2008, so he filed the pending petition in this case.  (Id.)

23         Petitioner notes that he has already submitted a petition for writ of habeas corpus

24  in the California Supreme Court with all of the claims presented in the instant petition.  (Pet'r's

25  Mot. for Stay & Abey. at 4.)  Petitioner contends that the court will only needs to stay these

26  proceedings until the California Supreme Court concludes the matter before it.  (Id.)  Referring to

his petition, petitioner concludes that his claims are at least potentially meritorious, and therefore he requests that the court hold these proceedings in abeyance.  (Id.)

Petitioner cannot present any claims to this court until those claims have been fairly presented to the California Supreme Court.  It does not appear that the pro se petitioner seeks to stay these proceedings for an improper purpose.  Nor does it appear that petitioner has engaged in abusive litigation tactics or intentional delay.  Moreover, if petitioner obtains relief in state court, his federal petition may be rendered moot, thereby serving the interests of judicial economy as well as the interests of justice.  Finally, the undersigned at this time does not find petitioner's claims to be plainly meritless.  Accordingly, petitioner's motion for a stay and abeyance will be granted.

Good cause appearing, IT IS HEREBY ORDERED that:

1.  Petitioner's October 23, 2007 motion for a stay and abeyance is granted;

2.  Petitioner is ordered to present all unexhausted claims to the California Supreme Court in a further state habeas corpus petition to be filed within thirty days from the date of this order, if all unexhausted claims were not included in the state habeas petition pending before that court;

3.  This action is stayed and the Clerk of the Court is directed to administratively close the case;

4.  Petitioner is ordered to file and serve a status report in this case on the first court day of each month; and

5.  Petitioner is ordered to file and serve a motion to lift the stay of this action, along with a proposed amended petition containing only exhausted claims, within thirty days

/////

/////

/////

/////

3

1    after petitioner is served with the California Supreme Court's order disposing of the state

2    exhaustion petition.

3    DATED: December 10, 2007.

4

5    _____

6    DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

7    DAD:9
     kara2261.sty

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26